FILED
2026 Apr-10 PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TIFFANY HARRIS, on behalf of herself and others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.: 2:26-cv-00332-JHE (Putative Class Action)** |
| **CORDOBA LEGAL GROUP PLLC,** | ) | |
| **Defendant.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Cordoba Legal Group, PLLC, ("Defendant"), in answer to Plaintiff Tiffany Harris' ("Plaintiff") Class Action Complaint ("Complaint"), responds to each of Plaintiff's numbered allegations as follows, and denies all allegations except as expressly admitted below. Defendant does not admit, and instead denies, any factual allegations contained in the unnumbered headings in Plaintiff's Complaint.

## NATURE OF ACTION

1. Paragraph 1 asserts one or more legal conclusions that do not require a response. Defendant further responds that Congress's actions, the TCPA and cases interpreting the TCPA and/or commenting on it speak for themselves. Defendant denies that it violated the TCPA in any respect.

2. Paragraph 2 asserts one or more legal conclusions that do not require a response. Defendant further responds that Congress's actions, the TCPA and cases interpreting the TCPA and/or commenting on it speak for themselves. Defendant denies that it violated the TCPA in any respect.

3. Paragraph 3 is denied.

4. Paragraph 4 asserts one or more legal conclusions that do not require a response. Additionally, no response is required to Plaintiff's assertion that she is attempting to bring a class action. To the extent a response is required, denied.

5. Defendant denies the averments of paragraph 5, and further denies that any purported class meets the requirements of Rule 23, Fed. R. Civ. P.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore, they are denied.

7. Admitted.

## JURISDICTION AND VENUE

8. Defendant admits the Court may have subject matter jurisdiction to consider Plaintiff's claims pursuant to 28 U.S.C. § 1331 (i.e., "federal question" jurisdiction) to the extent the Complaint purports to plead claims for alleged violations of the TCPA, but does not admit to any actionable conduct.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

## TCPA BACKGROUND

11. Paragraph 11 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations.

12. Paragraph 12 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations.

13. Paragraph 13 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations.

14. Paragraph 14 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations.

15. Paragraph 15 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations.

## FACTUAL ALLEGATIONS

16. Paragraph 16 of the Complaint contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations.

17. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies them

21. Defendant denies the allegations in Paragraph 21 of the Complaint and denies that it called Plaintiff.

22. Defendant denies that it called Plaintiff. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23. Defendant denies that it called Plaintiff. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Defendant denies that it called Plaintiff. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Defendant denies that it called Plaintiff. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Defendant denies that it called Plaintiff. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies them.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies that it called Plaintiff. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies them.

30. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32. Defendant denies that it called Plaintiff and other unnamed purported class recipients and denies the remaining allegations in Paragraph 32.

33. Defendant denies that it called Plaintiff and other unnamed purported class recipients and denies the remaining allegations in Paragraph 33.

## CLASS ACTION STATEMENT

34. Defendant admits that Plaintiff purports to bring this action on behalf of a class or classes. Defendant denies that Plaintiff is entitled to pursue this action on behalf of the identified classes, or any other class, and denies any remaining allegations in Paragraph 34.

35. Defendant admits that Plaintiff purports to bring this action on behalf of a class or classes. Defendant denies that Plaintiff is entitled to pursue this action on behalf of the identified classes, or any other class, and denies any remaining allegations in Paragraph 35.

36. Defendant admits that Plaintiff purports to exclude certain individuals and entities from the classes described in Paragraph 35. Defendant denies that Plaintiff is entitled to pursue this action on behalf of the identified classes, or any other class, and denies any remaining allegations in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

46. Defendant incorporates its responses to Plaintiff's allegations in Paragraphs 1–45 of the Complaint herein.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

**SECOND CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Pre-record Class)**

51. Defendant incorporates its responses to Plaintiff's allegations in Paragraphs 1–50 of the Complaint herein.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

**PRAYER FOR RELIEF**

56. Defendant denies that Plaintiff is entitled to any of the relief requested in the section entitled "PRAYER FOR RELIEF," including its subparts A through G.

**JURY DEMAND**

57. Defendant admits that Plaintiff has demanded a jury trial. Defendant denies that Plaintiff is entitled to a jury trial.

**AFFIRMATIVE AND OTHER DEFENSES**

Subject to Defendant's Answer above, and without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant asserts the following affirmative and other defenses:

1. Plaintiff fails to state a claim against Defendant, in whole or in part, upon which relief can be granted.

2. Plaintiff may lack standing to maintain her claims against Defendant because, among other things, she has not sustained a legal injury.

3. Defendant has complied with the TCPA and is entitled to each and every defense stated in the Act and any and all limitations of liability.

4. Plaintiff's claims should be dismissed because Plaintiff cannot establish that the calls she allegedly received were sent by Defendant.

5. Plaintiff's claims should be dismissed because Plaintiff cannot establish that the calls she allegedly received were sent via an automatic telephone dialing system.

6. Plaintiff's claims should be dismissed because the calls Plaintiff allegedly received were sent with extensive human intervention.

7. Defendant invokes the defense of consent to all claims asserted in the Complaint.

8. Plaintiff's alleged damages were caused, in whole or in part, by one or more parties for whom Defendant is not responsible.

9. Plaintiff's claims may be subject to dismissal pursuant to the doctrines of estoppel and/or waiver.

10. To the extent applicable, any damages Plaintiff claims in this matter should be barred or reduced due to her failure to mitigate such alleged damages.

11. To the extent Defendant violated the TCPA – which it denies – any such violations were not willful, thereby limiting Plaintiff's recovery, if any.

12. Plaintiff's claims cannot be properly certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the classes. Defendant reserves all rights to further challenge class certification, including the right to file a motion opposing class certification at the appropriate time

13. Defendant hereby gives notice that it intends to rely upon additional defenses that may become available or appear during the proceedings in this case. Defendant additionally reserves the right to amend this Answer and Defenses to assert any such defenses.

**WHEREFORE**, having answered the Complaint, Dollar General prays that the Complaint be dismissed with prejudice, that it be awarded its costs and expenses in the amount and manner permitted by applicable law, and that the Court award such other relief as is just and proper.

Dated: April 10, 2026.

Respectfully submitted,

/s/ *Stanley E. Graham*
Stanley E. Graham (ASB-8646-H25S)
Pierson Ferdinand, LLP
Mail: 73 White Bridge Rd.
Suite 103, PMB 352
Nashville, TN 37205
(615) 965-7831 (telephone)
stan.graham@pierferd.com

William J. Akins
(Motion Pro Hac Vice Forthcoming)
TX Bar No. 24011972
Pierson Ferdinand, LLP
Mail: 10501 Crow Wing Cove
Austin, Texas 78730
Office: 2021 Guadalupe Street, Suite 260
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@pierferd.com

*Counsel for Defendant Cordoba Legal Group, PLLC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon:

Anthony Paronich, Esq.
PARONICH LAW, PC
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

James Matthew Stephens, Esq.
METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
205-939-0199
Fax: 205-939-0399
Email: mstephens@mtattorneys.com

*Counsel for Plaintiff*

on this 10th day of April, 2026.

*s/ Stanley E. Graham*