FILED
2026 May-12 PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TIFFANY HARRIS, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. 26-cv-332 |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| CORDOBA LEGAL GROUP PLLC, | : | |
| Defendant. | :: | **JURY TRIAL DEMANDED** |

______________________________________/

## <u>SCHEDULING ORDER</u>

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court sets the following deadlines for this case:

1. **Pleadings and Parties:** No causes of action, defenses, or parties will be allowed after **July 31, 2026** for plaintiff[s], and **July 31, 2026** for defendant[s].

2. **Discovery limitations and deadlines:**

a. **Interrogatories:** Max. 25 by any party directed to any other party;

**Doc. Requests:** Max. 50 by any party directed to any other party;

**Rule 36 Reqs:** Max. 40 by any party directed to any other party;

**Depositions:** Max. 10 by any party directed to any other party.

.

b. **Expert Testimony:** The disclosure of expert witnesses—including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from a specially retained or employed expert—are due:

From plaintiff: by **January 15, 2027.**

From defendant: by January 15, 2027**.**

c. **Discovery Deadlines: The parties must complete the depositions of all named parties by December 1, 2026**. All fact and expert discovery must begin in time to be completed by **December 1, 2026**.[1]

d. **Discovery disputes:** Before a party files a motion to compel, the Court directs counsel for that party to please confer with opposing counsel by telephone or video conference or in person to discuss disagreements regarding discovery requests. If the parties cannot resolve their dispute during the conference, then the parties shall email chambers to request a telephone or video conference to discuss the discovery dispute.

The parties' message must contain a statement certifying that the parties discussed the discovery dispute and have been unable to resolve their disagreements. Upon receipt of the message, the Court will set a telephone conference to discuss the discovery dispute and will determine whether additional written submissions are required to resolve the dispute. A court reporter will record discovery conferences, and a minute entry regarding the conference will appear on the docket.[2]

3. **Summary Judgment Motions:** All summary judgment motions must be filed by **May 15, 2027** and should be accompanied by a supporting brief.

a. Consistent with Rule 56 of the Federal Rules of Civil Procedure, a party may file a summary judgment motion any time before the summary judgment deadline.

b. Upon receipt of a summary judgment motion, the Court will set a briefing schedule on the docket. The parties should anticipate that in most cases, a party opposing a summary judgment motion will have 21 days to file written

---

[1] In some cases, it may be efficient to delay some discovery regarding damages until after the Court resolves dispositive motions. If the parties believe their case falls into that category, before the end of discovery, they may ask for permission to postpone some damages discovery until the Court rules on dispositive motions.

[2] If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney may unilaterally send an email requesting a discovery telephone conference. In such a case, the moving party must describe in the message the attorney's efforts to contact and coordinate with opposing counsel. The attorney requesting the conference shall copy opposing counsel on the email message.

opposition, and the movant will have 14 days from the filing date of the opposition brief to submit a reply brief. Some cases involve multiple dispositive motions and may require a different briefing schedule. At the status conference at the conclusion of discovery, (Section 4 below), the parties shall be prepared to notify the Court if they anticipate the need for a tailored briefing schedule.

c. For information about the format and length of briefs, please see Section VIII of the Initial Order in this case.

The parties should present the evidence related to a summary judgment motion in narrative format as they would in a brief to a court of appeals. Parties must support every factual assertion with a complete record citation. Summary judgment briefs must contain citations to the evidentiary record by CM/ECF document and page number. Therefore, the parties must electronically file their evidence before they file their summary judgment briefs. If a party cannot file evidence electronically before filing its brief, then the party shall, within three days of filing a brief, email to chambers (haikala_chambers@alnd.uscourts.gov) a Word version of the brief with CM/ECF record citations.[3]

d. If a party relies on deposition testimony in a summary judgment brief, then the party must file the complete deposition transcript and all associated deposition exhibits. Parties should file all deposition exhibits associated with a single deponent as a single document. Citations to deposition exhibits should include the CM/ECF document and page number.

4. **Status Conference:** A status conference near the close of discovery is scheduled in this matter on **November 16, 2026**, at **11 a.m.** in **Courtroom 4B of the Hugo L. Black U.S. Courthouse in Birmingham, AL**.

5. **Trial:** A trial date and due dates for lists of trial witnesses and exhibits, motions in limine, and proposed jury instructions will be established in a separate pretrial order.

**DONE** and **ORDERED** this May 12, 2026.

Madeline H. Haikala

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

[3] The Court may alter this procedure for pro se litigants.