FILED
2026 Sep-08 PM 07:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TIFFANY HARRIS, on behalf of herself and others similarly situated,** | ) | |
| | ) | |
| ***Plaintiff*,** | ) | |
| | ) | **CIVIL ACTION NO. 26-cv-332** |
| **v.** | ) | |
| | ) | **OPPOSED; ORAL ARGUMENT** |
| **CORDOBA LEGAL GROUP PLLC,** | ) | **IS NOT REQUESTED** |
| | ) | |
| ***Defendant*.** | ) | |

---

**CORDOBA LEGAL GROUP PLLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS**

---

## A. Plaintiff has Confirmed her Email Address in the Lead Records

As noted in its Motion to Compel Arbitration, Defendant redacted Plaintiff's personally identifiable information from the exhibits filed electronically in support of its motion. This included the email address within the contact information received by Cordoba Legal Group, LLC for Plaintiff. (Doc. 18-1, at 7-8). Plaintiff's response now includes that same address in a signed declaration in which she states that her email is "trapn.382@gmail.com":

> 9. During one of the recorded telephone calls, I asked the representative what email address was on file because the email address the representative had was not mine. I then provided my current email address, trapn.382@gmail.com, during that telephone call.

Doc. 23 at ⁋ 9; *see also* Doc. 22 at 13. The partially unredacted record at the time it was created reflects the same email address:

45330 Nov 10, 2025 @ 4:06 PM

**#45330**

| | |
|---|---|
| **Date Submitted** | Nov 10, 2025 @ 4:06 PM |
| **Select Your Debt Amount** | $10K - $20K |
| **What Can We Help You With Today** | Credit Cards |
| **Name** | Tiffany Harris |
| **Email** | trapn.382@gmail.com |
| **Phone** | 205-[redacted]539 |
| **State** | Alabama |
| **Consent** | checked |
| **IP Address** | [redacted] |
| **Date** | 11/10/2025 |

By confirming that the redacted email is hers, Plaintiff's declaration strengthens to the point of undeniability that Plaintiff herself inputted her information into the subject website and that she is, accordingly, bound to arbitrate her claims.

If the Court is not inclined to order arbitration now simply based upon the fact that Plaintiff revealed her email as the same email previously redacted, Defendant should be permitted to conduct focused discovery concerning: (1) Plaintiff's devices, accounts, browser and location history, and internet-service records for the relevant period; (2) access by other persons to her identifying information and devices; (3) the circumstances and nonprivileged factual process by which her declaration was prepared; (4) the native lead data, including timestamps, IP information, device identifiers, referring URLs, affiliate identifiers, and session activity; and (5) Plaintiff's other defenses to contract formation. *See Hightower v. AlertzPro, LLC*, No. DKC 25-2312, 2026 U.S. Dist. LEXIS 87180, at **9-12 (D.Md. Apr. 21, 2026) (rejecting the same argument that the plaintiff's outright denial of visiting the operative website defeats arbitration and ordering limited discovery before deciding if arbitration is required).

**B. <u>Plaintiff's Waiver Argument Fails</u>**

Demonstrating waiver of a right to insist on arbitration is a heavy burden. *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990). A party must substantially participate in litigation to a point inconsistent with an intent to arbitrate.

*See Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995).

In one respect, Plaintiff is correct: the primary issue will be whether Plaintiff consented to receive the alleged calls. But the arbitrator should decide consent. In all other respects, Plaintiff is incorrect. Defendant disagrees that it "proceeded with discovery," as implying an effort of its own choosing. Defendant *responded* to discovery requests and, in doing so, uncovered the basis for moving to compel arbitration. Far from invoking the machinery of litigation, everything that Defendant has done has been responsive to Plaintiff's actions. Defendant did not seek adjudication on the merits, obtain a merits ruling, or undertake trial preparation. Once the path to arbitration became evident, Defendant notified Plaintiff of its intent to compel arbitration on August 6, 2026 and moved on August 20, 2026. Defendant has not substantially participated in this litigation in a manner inconsistent with its right to insist on arbitration. Defendant has not manifested an intentional relinquishment of the right to arbitrate this case. Plaintiff has failed to carry her heavy burden to show otherwise.

## CONCLUSION

The Court should grant Cordoba's motion to compel arbitration or, alternatively, permit focused discovery on the subject of contract formation, with an opportunity for a renewed motion to compel arbitration.

Respectfully submitted,

*/s/ Stanley E. Graham*

Stanley E. Graham (ASB-8646-H25S)
Pierson Ferdinand, LLP
Mail: 73 White Bridge Rd.
Suite 103, PMB 352
Nashville, TN 37205
(615) 965-7831 (Telephone)
stan.graham@pierferd.com

*Counsel for Defendant*
*Cordoba Legal Group, PLLC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon:

Anthony Paronich, Esq.
PARONICH LAW, PC
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

James Matthew Stephens, Esq.
METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
205-939-0199
Fax: 205-939-0399
Email: mstephens@mtattorneys.com

*Counsel for Plaintiff*

on this 8th day of September, 2026.

*/s/ Stanley E. Graham*
Stanley E. Graham